

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Julian Montgomery
State Highway Engineer
Austin, Texas

Dear Sir:

Opinion No. O-1634
Re: Review of Opinion No.
O-1426, relative to
traveling expenses of
State Highway Engineer
under Senate Bill No.
427, Forty-sixth Legis-
lature.

This will acknowledge receipt of your letter of October 26, wherein you request that we review our Opinion No. O-1426, relative to traveling expenses of the State Highway Engineer under the provisions of Senate Bill No. 427, Acts of the Forty-sixth Legislature, directing our attention to your position that the provisions of the rider to Senate Bill No. 427 relative to traveling expenses do not apply to State "officers", and, therefore, that the State Highway Engineer is not governed by the provisions thereof.

Article 6669, Revised Civil Statutes, 1925, provides that the State Highway Commission

"... . shall elect a State Highway En-
gineer who shall be a competent civil
engineer and graduate of some first
class school of civil engineering, ex-
perienced and skilled in highway con-
struction and maintenance, who shall
hold his position until removed by the
Commission. He shall first execute a
bond payable to the State in such sum
as the Commission may deem necessary,
to be approved by the Commission, and
conditioned upon the faithful perform-
ance of his duties. He shall act with
the Commission in an advisory capacity,

without votes, and shall quarterly, annually, and biennally submit to it detailed reports of the progress of public road construction and statement of expenditures. He shall be allowed all traveling expenses and other expenses therefor, under the direction of the department, while absent from Austin in the performance of duty under the direction of the Commission."

In 1931, the following Act was passed:

"The traveling and other necessary expenses incurred by the various officers, assistants, deputies, clerks and other employees in the various departments, institutions, boards, commissions or other subdivisions of the State Government, in the active discharge of their duties shall be such as are specifically fixed and appropriated by the Legislature in the general appropriations bill providing for the expenses of the State Government from year to year. When appropriations for traveling expenses are made any allowances or payments to officials or employees for the use of privately owned automobiles shall be on a basis of actual mileage traveled for each trip or all trips covered by the expense accounts submitted for payment or allowance from such appropriations, and such payment or allowance shall be made at a rate not to exceed five (5¢) cents for each mile actually traveled, and no additional expense incident to the operation of such automobile shall be allowed." (Acts 1931, Forty-second Legislature, p. 372, Chapter 218, Section 1, codified by Vernon's as Article 6823, in Vernon's Supplement to the Revised Civil Statutes of 1925.)

The rider appended to Senate Bill No. 427, passed by the Forty-sixth Legislature, contains various provisions operating as limitations on the use of funds appropriated for traveling expenses. It is not necessary for the purposes of this opinion to review those limitations, save in the respects noted below.

Section (j), or that portion of the rider relating to traveling expenses provides as follows:

"Except as otherwise specifically exempted, the provisions of this Act shall also apply to department heads and members of Commisaions."

There is no exemption of the State Highway Engineer anywhere to be found in the Appropriations Bill. We think it clear that the legislative intent is manifested that the provisions of the rider relative to traveling expenses shall apply not only to State employees, but also to State officers. That this was so intended by the Legislature is made clear by the fact that it found it necessary to specifically exempt from the provisions of the Act relative to traveling expenses two of the chief "officers" of this State, to-wit, the Governor and the Lieutenant Governor, in Section (g) of the rider relating to traveling expenses:

"It is expressly provided that the provisions of this Act, with reference to traveling expenses, shall not apply to the Governor and the Lieutenant Governor of this State."

The specific exemption of these two officers of our State Government indicates clearly that it was the legislative belief that, unless such specific exemption was made, the Governor and the Lieutenant Governor, in incurring traveling expenses, would be limited by the provisions of the rider relative thereto.

To hold otherwise would be to say that the Legislature intended that the members of the Highway Commission, while traveling on business of the State, should be limited to $4.00 per day for meals and lodging, but that their subordinate officer, the State Highway Engineer, while traveling at the expense of the State on State business, should not be limited to $4.00 per day; that the head of the Attorney General's Department, the Attorney General, should, while traveling at the expense of the State on State business, be limited to $4.00 per day for meals and lodging, but that his subordinate officer, the First Assistant Attorney General, should not be limited to $4.00 per day; that the head of the Department of State, the Secretary of State, while traveling at the expense of the State on State business should be limited to $4.00 per day for meals and lodging, but that his subordinate officer, the Assistant

Secretary of State, should not be so limited. We do not believe that this was intended by the Legislature, and, therefore, our Opinion No. O-1426 is affirmed.

In the memorandum of authorities attached to your letter, you have misconstrued Opinion No. O-1426, in one respect, wherein you state that Opinion No. O-1426 recognizes that the State Highway Engineer would have a valid claim against the State of Texas for traveling expenses actually incurred in excess of $4.00 per day. Opinion No. O-1426 does not so recognize or imply, for Article 6823, Vernon's Supplement to the Revised Civil Statutes of 1925, prevents the recognition of any such principle.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *R W Fairchild*

Richard W. Fairchild
Assistant

RWF:FO

APPROVED NOV 1, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
*By*